UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALVADOR A. ONAS, III, *et al.*, | Case No. 3:21-cv-00283-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| LENNAR RENO, LLC dba LENNAR HOMES, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiffs Salvador A. Onas, III, Heather R. Oneal-Onas, Latricia Lord, and Nicole Papke aka Nichole Vanvalkenberg filed a lawsuit alleging breach of warranty and negligence claims against Defendant Lennar Reno, LLC. (ECF No. 1-2 ("Complaint").) Defendant removed to this Court. (ECF No. 1.) Before the Court is Plaintiffs' motion to remand. (ECF No. 9 ("Motion").) Because Defendant has demonstrated the Court has subject-matter jurisdiction over this case, the Court will deny the Motion.

**II.   BACKGROUND**

Plaintiffs are the owners of three single-family homes in the Casa Bella subdivision Reno, NV. (ECF Nos. 1-2 at 3-5; 9 at 1.) Defendant was the developer and general contractor during the construction of the homes in question. (ECF No. 9 at 1.) Plaintiffs allege that the homes were defectively constructed (ECF No. 1-2 at 4) and seek damages via various state-law claims (*id.* at 5-9).

**III.   LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added, citation omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Removal procedure of a civil action from a state to federal court is set forth in 28 U.S.C. § 1446. Courts look to the "four corners of the initial pleadings or subsequent papers" when determining when the defendant had notice of grounds for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (quoting *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997)). "[S]ubjective knowledge or a duty to make further inquiry" is not required of a removing defendant. *Id.* at 694.

**IV.     DISCUSSION**

Plaintiffs allege that the Court lacks subject-matter jurisdiction over this case. (ECF No. 9.) Specifically, Plaintiffs assert that complete diversity is not met because Defendant is a Nevada entity, and all Plaintiffs are residents of Nevada. (*Id.* at 9.) Plaintiffs further allege the amount in controversy does not exceed more than $75,000 for any singular plaintiff. (*Id.* at 4.) Defendants dispute both claims. (ECF No. 12) The Court agrees with Defendants.

**A.     Complete Diversity**

Plaintiffs argue that Defendant is a Nevada entity. (ECF No. 9 at 3.) To support this assertion, Plaintiffs offer evidence that Lennar Reno, LLC's vice president and controller are citizens of Nevada. (*Id.* at 3; ECF Nos. 9-1, 9-3, 9-4, 9-5.) Defendant responds that as a limited-liability company, its citizenship is determined by that of its owners and members. (ECF No. 12 at 3.) Defendant further demonstrates that its sole member is an LLC, whose sole member is an LLC, whose sole member is Lennar Homes of California, Inc., a California corporation with its principal place of business in Florida.

(ECF Nos. 12 at 3-4; 12-2.) Defendant argues that Plaintiffs evidence relates to its employees, not the citizenship of its sole-member, and is therefore inapposite. (ECF No. 12 at 4.) The Court agrees.

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has one member, Lennar Pacific Properties Management, LLC. (ECF No. 12-2 at 2, 9.) Lennar Pacific Properties Management, LLC, has one member, Lennar Pacific Properties, LLC. (*Id.* at 3.) Lennar Pacific Properties, LLC, has one member, Lennar Homes of California, Inc. (*Id.*) Lennar Homes of California is incorporated in California and has its principal place of business in Miami, Florida. (*Id.* at 3, 13-14.) Accordingly, Defendant is a citizen of California and Florida.

Plaintiffs' counterarguments do not respond to Defendants' evidence of its member's citizenship. In their reply, Plaintiffs argue that in another case, Lennar Reno, LLC's members were relevant, but that here, Lennar is managed by individuals. (ECF No. 13 at 2.) But Defendant submits a sworn declaration from Mark Sustana, a managing officer of Lennar Reno, LLC, detailing the nested LLCs that link Defendant back to Lennar Homes of California, Inc. (ECF No. 12-2 at 2-2.) Sustana's declaration was filed in this case, with this case number as its caption, referencing these parties. (*Id.*) Moreover, as Plaintiffs themselves point out in boldface, the citizenship of a manager of an LLC is not relevant nor determinative of the citizenship of the LLC. (ECF No. 13 at 2.)

Because Plaintiffs are residents of Nevada, and Defendant is not a citizen of Nevada, the Court finds there is complete diversity of parties.

**B.     Amount in Controversy**

Plaintiffs next argue that the amount in controversy is not satisfied because their complaint only alleges each claim exceeds $50,000. (ECF No. 9 at 4.) Defendants dispute that the amount in controversy is not met, arguing that evaluations of similar alleged defects in the same subdivision resulted in repair estimates averaging over $125,000 per home. (ECF No. 12 at 5; 12-1 at 19.) In the Petition, Defendant references the estimated

costs in the related lawsuit to support its assertion that "it is more likely than not that the amount in controversy exceeds $75,000" (ECF No. 1 at 3) and submits supporting extrinsic evidence in its opposition to Plaintiffs' Motion (ECF No. 12-2 at 9). Plaintiffs assert this evidence is not relevant because it deals with different homes not at issue in this litigation, and that Defendant can cite to nothing in the record to support an amount in controversy greater than $75,000 per plaintiff. (ECF No. 13 at 3.) The Court agrees with Defendant that the amount in controversy is likely greater than $75,000 per plaintiff.

Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Plaintiffs never argue nor stipulate that their claims will not meet the amount in controversy. Instead, they rely on the formalistic argument that their complaint alleges damages only "in excess of $50,000."[1] (ECF No. 9 at 4.) Defendant has demonstrated that each Plaintiff's damages are, more likely than not, in excess of $75,000. The Court

---

[1] The Court notes that pleading damages "in excess of $50,000" is common practice in Nevada state court, due to the jurisdictional cut-off for the state's mandatory short-trial program. *See* Rules Governing Alternative Dispute Resolution, B. Nevada Arbitration Rules, Rule 3(A) ("All civil cases commenced in the district courts that have a probable jury award value not in excess of $50,000 per plaintiff, exclusive of interests and costs, and regardless of comparative liability, are subject to the program . . ."), available at https://www.leg.state.nv.us/courtrules/RGADR.html.

is not persuaded that evidence of damages to seventeen homes within the same subdivision subject to the same alleged construction defects is not relevant to this suit. (ECF No. 12-1 at 19.) The estimate of cost to repair alone is greater than $75,000 for all but three of those homes. (*Id.*) While it is possible that each Plaintiff's recovery will be under $75,000, Plaintiff's ultimate recovery is not the question before the Court. Defendant has demonstrated by a preponderance of the evidence that the amount in controversy is met.

Accordingly, the Court finds that it does have subject-matter jurisdiction over this case. Plaintiff's Motion will therefore be denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiffs' motion to remand (ECF No. 9) is denied.

DATED THIS 10th Day of August 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE